IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **CHARLIE DEAN TRIVITT,** §<br>**TDCJ No. 781161,** §<br> §<br>  Petitioner, §<br> §<br>v. §<br> §<br>**LORIE DAVIS, Director,** §<br>**Texas Department of Criminal Justice,** §<br>**Correctional Institutions Division,** §<br> §<br>  Respondent. § | Civil Action No. 7:18-cv-00050-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Charlie Dean Trivitt pursuant to 28 U.S.C. § 2254. ECF No. 17. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 17) **with prejudice** as time-barred.

**BACKGROUND**

Petitioner Charlie Dean Trivitt ("Trivitt") is a prisoner confined in the Telford Unit of the Texas Department of Criminal Justice ("TDCJ") in New Boston, Texas. ECF No. 17 at 1. The TDCJ website reflects that he was convicted of aggravated sexual assault. Offender Information Details, Texas Department of Criminal Justice, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=04169600 (last visited May 4, 2018). Trivitt was convicted on February 19, 1997, and is serving a life sentence. *Id.*; ECF No. 17 at 2. Trivitt did not file a direct appeal. *Id.* at 3. On August 18, 2017, he filed a state habeas petition, but he has not received a final decision from the state court. *Id.* at 3–4.

On December 19, 2017, he filed a Complaint in the Eastern District of Texas for breach of contract under 42 U.S.C. § 1983, requesting that his plea agreement (the contract he claimed was breached) and ensuing conviction be overturned. ECF No. 1. On April 10, 2018, the case was transferred to the Northern District of Texas. ECF No. 10, No. 12. This Court changed the style of the case from a § 1983 to a § 2254 habeas corpus action, and therefore ordered Trivitt to file an "Amended Petition" using the Court's § 2254 form for a petition for writ of habeas corpus. ECF No. 16. On May 1, 2018, he filed a form Petition for a Writ of Habeas Corpus (the "Petition") with this Court. ECF No. 17. Trivitt asserts what appear to be a number of insufficient evidence claims: the state has no DNA to support the plea agreement in the underlying criminal case, the state failed to conduct DNA testing, there were multiple other suspects, and the DPS report did not show that Trivitt committed the crime. *Id.* at 6. His Petition also seems to raise an undeveloped ineffective assistance of counsel claim. *Id.* at 9.

## PROPER RESPONDENT

Petitioner did not name a Respondent in his Petition. ECF No. 17 at 1. The proper respondent in a habeas corpus case is the person who has custody of the petitioner. *Joe v. Fitzsimmons*, No. 3:16-CV-0275-L-BH, 2016 WL 1594348, at *1 (N.D. Tex. Mar. 17, 2016), *report and recommendation adopted*, No. 3:16-CV-275-L, 2016 WL 1588150 (N.D. Tex. Apr. 20, 2016) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)). The default rule is that the proper respondent is the warden of the facility where the prisoner is being held or the chief officer in charge of state penal institutions. *Id*. A habeas petitioner's failure to name the proper respondent is a procedural rather than a jurisdictional defect, and it may be corrected by amendment of the petition. *Flores v. Dretke*, 120 Fed. App'x 537, 539 (5th Cir. 2005); *see also Joe*, No. 3:16-CV-0275-L-BH, 2016 WL 1594348, at *1 (directing the Clerk of Court to change the designation of the respondent to the Director of the Texas Department of Criminal Justice, Correctional

Institutions Division). The Clerk of Court is therefore **DIRECTED** to change the designation of the Respondent to Lorie Davis, Director, Texas Department of Criminal Justice, Correctional Institutions Division.

## LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). State law determines how long a prisoner has to file a direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, a prisoner has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a)(1). If the prisoner does not file an appeal in that time, then the conviction becomes final for purposes of AEDPA, and the one-year limitations period begins to run when the thirty-day period for filing a notice of appeal ends. *Roberts*, 319 F.3d at 694. A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts*, 319 F.3d at 694–95; *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

Trivitt does not raise any substantive counterarguments to the issue of whether his Petition is time-barred. In the space on the habeas form reserved for explaining why his Petition is not time-barred, he writes only that "The 97th District Court appointed Bruce Martin to represent Charlie D. Trivitt in the criminal proceeding as well as appeal lawyer in which he fail to do so in both cases." ECF No. 17 at 9. Trivitt gives no explanation of how his lawyer failed him, in either his Petition or his original Complaint. *See id.*; ECF No. 1. In any case, this argument appears to be

an ineffective assistance of counsel claim concerning his underlying conviction, rather than an argument for why AEDPA does not bar his petition.

Trivitt was convicted on February 19, 1997. ECF No. 17 at 2. He did not file a direct appeal. *Id.* at 3. Therefore his one-year limitations period began to run on March 21, 1997, and ended on March 21, 1998. *See* 28 U.S.C. § 2244(d)(1)(A). His later habeas application in 2017 does not affect this deadline. *E.g. Villegas*, 184 F.3d at 472. The Petition was filed twenty years after the end of the statute of limitations period under AEDPA, and therefore the Petition is time-barred.

Though Trivitt did not address this issue, the undersigned will additionally consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances . . . ." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To obtain the benefit of equitable tolling, [the petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)). Trivitt has alleged no facts that showed he pursued relief with reasonable diligence, particularly given that twenty years have passed between his conviction and the instant Petition. Nor has Trivitt alleged facts that suggest rare and exceptional circumstances, as all of the alleged errors in the evidence could have been challenged at the time of his conviction, and he does not explain how his counsel's alleged failure affected Trivitt's ability to challenge his conviction. *See Kelley v. Stephens*, No. 3:15-CV-2000-D-BK, 2015 WL 10372434, at *3 (N.D. Tex. Dec. 10, 2015), *report and recommendation adopted*, No. 3:15-CV-2000-D, 2016 WL 728812 (N.D. Tex.

Feb. 24, 2016) ("Petitioner's assertions of ineffective assistance of counsel at trial and on appeal . . . have no bearing on equitable tolling because the alleged ineffective assistance occurred long before the one-year limitations period elapsed. . . . In addition, Petitioner does not premise his claims of ineffective assistance of counsel on any misrepresentation or misinformation received from counsel that contributed to the lapse of the one-year statute of limitations."). Equitable tolling is therefore not warranted in this case.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 17) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 7, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE